UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH DAKOTA

| | | |
|---|---|---|
| In re: | ) | Bankr. No. 09-40190 |
| | ) | Chapter 7 |
| CEFERINO LIPATA DATOON, JR. | ) | |
| SSN/ITIN xxx-xx-4976 | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |
| LEE ANN PIERCE, TRUSTEE | ) | Adv. No. 09-4018 |
| | ) | |
| Plaintiff | ) | |
| | ) | DECISION RE: DEFENDANT'S |
| -vs- | ) | MOTION FOR SUMMARY JUDGMENT |
| | ) | |
| CALVIN J. GJERE | ) | |
| | ) | |
| Defendant. | ) | |

The matter before the Court is Defendant Calvin L. Gjere's Motion for Summary Judgment. This is a core proceeding under 28 U.S.C. § 157(b)(2). This decision and order shall constitute the Court's findings and conclusions under Fed.R.Bankr.P. 7052. As set forth below, Defendant's motion will be denied.

I. Material Facts.

Ceferino Lipata Datoon, Jr. ("Debtor") filed a chapter 7 petition in bankruptcy on March 27, 2009. Lee Ann Pierce was appointed as trustee to administer the case. On July 10, 2009, Trustee Pierce timely commenced an adversary proceeding against Debtor's step-father, Calvin J. Gjere ("Gjere").[1] Trustee Pierce sought from Gjere a 2003 Jeep Liberty (or its value), which Debtor had transferred to Gjere within one year of the petition date, plus the $250.00 fee for commencing the adversary proceeding.

According to Debtor's statement of financial affairs (bankr. doc. 1), Debtor valued the Jeep at $8,000.00 at the time of the transfer and said he transferred it to Gjere in exchange for his step-father's paying several claims against Debtor.

---

[1] Trustee-Plaintiff identified Defendant as Calvin J. Gjere. Defendant identified himself as Calvin L. Gjere.

-2-

> Transferred 2003 Jeep Liberty valued at $8000 in exchange for the payoff of the loan of $4260 to Service First Federal Credit Union[,] $1,200 pd to Home Federal to catch up mortgage, $1850 to purchase a 1991 Toyota Camry[,] $600 pd to MidAmerica Energy for gas and $1000 pd to Wes Schmidt for bankruptcy services.

In her complaint (adv. doc. 1), based on documentation subsequently provided to her, Trustee Pierce stated Gjere paid claims against Debtor totaling $7,315.25 in early December 2008.  Trustee Pierce said the Jeep's title was transferred from Debtor to Gjere on February 9, 2009, and she sought to have the transfer avoided as a preferential transfer by Debtor to an insider within one year of Debtor's petition date.

Gjere timely answered (adv. doc. 5) and subsequently moved for summary judgment (adv. doc. 9).  As set forth in his brief, Gjere stated he and Debtor entered into an oral contract on December 2, 2008, pursuant to which Debtor would give him the Jeep in exchange for Gjere's paying the debt against the Jeep, providing Debtor with a replacement vehicle, and paying other claims against Debtor, up to a total value of $8,000.00.  Gjere said the oral contract was completed when he paid $7,658.18 in claims against or on behalf of Debtor in early December 2008 and paid another bill for $688.96 on March 23, 2009 (a few days before Debtor's petition was filed).[2]  He further stated the physical transfer of the Jeep actually took place on December 10, 2008, when he took the Jeep and provided Debtor with a replacement vehicle, which Gjere valued at $1,850.00.  He acknowledged February 9, 2009 was the date the title was issued by the state, but he argued he actually received title to the Jeep on January 28, 2009, when the title registration was completed.  Gjere said the delay between his physical possession of the Jeep and the registration of the title

---

[2] In his answer, Gjere said he later paid three more bills for Debtor totaling $2,844.96.  In his affidavit in support of his Motion for Summary Judgment (adv. doc. 9-2, pp. 3-6), Gjere stated he paid, between March 26, 2009 and April 15, 2009, three bills for Debtor totaling $2,844.96.  It was unclear whether the $688.96 bill was included in the $2,844.96 total.

in his name was a product of the time it took to get the lien on the Jeep released. Finally, Gjere opined the value of the Jeep is between $4,000.00 and $5,900.00.

Based on S.D.C.L. §§ 43-35-3 and 57A-2-401(2), Gjere argued ownership of the vehicle was transferred to him when he took physical possession of the car, thus rendering the exchange contemporaneous and for new value under the preferential transfer exception provided in 11 U.S.C. § 547(c)(1). He further argued the Jeep transfer was completed in the ordinary course of business under the exception provided by 11 U.S.C. § 547(c)(2). He argued any delay between his possession of the vehicle and his having the title transferred was occasioned by Service First Federal Credit Union's not mailing the lien release to Debtor until December 26, 2008.

Trustee Pierce responded (adv. docs. 12 and 13), saying Gjere was not entitled to judgment as a matter of law. She provided an affidavit from a loan officer at the credit union that said the lien was released on December 5, 2008 and was personally picked up by Debtor. She also said the statement on the back of the certificate of title for the Jeep is dated January 27, 2009 and indicates the transfer was a "Gift - Child to Parent." As a consequence, she says no excise tax was paid on the transfer. She argued provisions of S.D.C.L. ch. 32-3 required a title to the vehicle to be transferred upon the sale and delivery of the Jeep and no transfer took place until the title was transferred on January 27, 2009. Trustee Pierce further argued Gjere should not be allowed to tell the state the transfer was a gift while arguing to this Court the transfer was a contemporaneous exchange for new value under § 547(c)(1).

Gjere did not file a reply brief. The matter was taken under advisement.

## II. Summary Judgment

Summary judgment is appropriate when "there is no genuine issue [of] material fact and . . . the movant is entitled to judgment as a matter of law." Fed.R.Bankr.P.

7056 and Fed.R.Civ.P. 56(c)(2). An issue of material fact is *genuine* if it has a real basis in the record. *Hartnagel v. Norman*, 953 F.2d 394, 395 (8th Cir. 1992) (quotes therein). A genuine issue of fact is *material* if it might affect the outcome of the case. *Id.* (quotes therein).

The matter must be viewed in the light most favorable to the party opposing the motion. *F.D.I.C. v. Bell*, 106 F.3d 258, 263 (8th Cir. 1997). Where motive and intent are at issue, disposition of the matter by summary judgment may be more difficult. *Cf. Amerinet, Inc. v. Xerox Corp.*, 972 F.2d 1483, 1490 (8th Cir. 1992) (citation omitted).

The movant meets his burden if he shows the record does not contain a genuine issue of material fact and he points out that part of the record that bears out his assertion. *Handeen v. Lemaire*, 112 F.3d 1339, 1346 (8th Cir. 1997) (quoting therein *City of Mt. Pleasant, Iowa v. Associated Electric Coop.*, 838 F.2d 268, 273 (8th Cir. 1988)). No defense to an insufficient showing is required. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 161 (1970) (citation therein); *Handeen*, 112 F.3d at 1346.

If the movant meets his burden, however, the non movant, to defeat the motion, "must advance specific facts to create a genuine issue of material fact for trial." *Bell*, 106 F.3d at 263 (quoting *Rolscreen Co. v. Pella Products of St. Louis, Inc.*, 64 F.3d 1202, 1211 (8th Cir. 1995)). The non movant must do more than show there is some metaphysical doubt; he must show he will be able to put on admissible evidence at trial proving his allegations. *Bell*, 106 F.3d at 263 (citing *Kiemele v. Soo Line R.R. Co.*, 93 F.3d 472, 474 (8th Cir. 1996), and *JRT, Inc. v. TCBY Systems, Inc.*, 52 F.3d 734, 737 (8th Cir. 1995)).

The non moving party is entitled to all reasonable inferences that can be drawn

-5-

from the evidence without resorting to speculation. *P.H. v. School District of Kansas City, Missouri*, 265 F.3d 653, 658 (8th Cir. 2001)(quoting therein *Sprenger v. Fed. Home Loan Bank of Des Moines*, 253 F.3d 1106, 1110 (8th Cir. 2001).

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden at trial.

*Amerinet*, 972 F.2d at 1490 (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). Only disputes over facts that might affect the outcome of the suit under the applicable law properly preclude the entry of summary judgment. *P.H. v. School District*, 265 F.3d at 658.

### III. Avoidance of a Preferential Transfer

Under 11 U.S.C. § 547(b), a trustee may avoid a transfer of property or other interests to family members and other insiders of the debtor as defined by 11 U.S.C. § 101(31).

> Section 547 serves two purposes. First, by permitting the trustee to avoid transfers made in the ninety days before bankruptcy, creditors are discouraged from a race to the courthouse during the slide into bankruptcy. *Danning v. Bozek (In re Bullion Reserve of N. Am.)*, 836 F.2d 1214, 1217 (9th Cir. 1988), *cert. denied*, 486 U.S. 1056, 108 S.Ct. 2824, 100 L.Ed.2d 925 (1988). Second, it furthers the prime policy of the Bankruptcy Act of an equal distribution of the debtor's assets among similarly situated creditors. *Id*. The trustee may avoid the transfer of a debtor's property to a creditor that diminishes the bankruptcy estate or creates inequality among creditors, if the debtor was insolvent and the transfer was made within ninety days of the filing of the bankruptcy petition. *Stevenson v. Leisure Guide of Am., Inc. (In re Shelton Harrison Chevrolet, Inc.)*, 202 F.3d 834, 837 (6th Cir. 2000).

*Velde v. Kirsch*, 543 F.3d 469, 472 (8th Cir. 2008) (cites therein). The elements of § 547(b) are: (1) there must have been a transfer of an interest of the debtor in property; (2) the transfer must have been on account of an antecedent debt; (3) the transfer must have been to or for the benefit of a creditor; (4) the transfer must have

been made while the debtor was insolvent; (5) the transfer must have been made within one year before the commencement of the bankruptcy case; and (6) the transfer must have left the creditor better off than it would have been if the transfer had not been made and the creditor asserted its claim in a chapter 7 liquidation. 11 U.S.C. § 547(b); *Wells Fargo Home Mortgage, Inc. v. Lindquist*, 592 F.3d 838, 842 (8th Cir. 2010). The trustee bears the burden of proving each of these elements by a preponderance of the evidence. 11 U.S.C. § 547(g); *Lindquist*, 592 F.3d at 842.

Section 547(c) sets forth certain exceptions to the avoidable preference rule. Transfers that may not be avoided by the trustee include those in which there was a contemporaneous exchange for new value, 11 U.S.C. § 547(c)(1), and those made in the ordinary course of the debtor's business or financial affairs. 11 U.S.C. § 547(c)(2). The creditor bears the burden of proof with respect to these exceptions. 11 U.S.C. § 547(g); *Gulfcoast Workstation Corp. v. Peltz (In re Bridge Information Systems, Inc.)*, 460 F.3d 1041, 1044 (8th Cir. 2006).

IV. Discussion

Trustee Pierce is correct that in South Dakota, ownership of a vehicle is not transferred until the title is transferred.

> No person, except as provided in this chapter, obtaining or acquiring possession of a motor vehicle . . . acquires any right, title, claim, or interest in or to the motor vehicle . . . until he has been issued a certificate of title to the motor vehicle . . . ."

S.D.C.L. § 32-3-10. Moreover, "[a] certificate of title issued under this chapter shall be evidence or indicia of ownership of the motor vehicle . . . described on the title." S.D.C.L. § 32-3-11. These statutes are clear, certain, and unambiguous and have been so interpreted by the South Dakota Supreme Court, which has held "[l]egal ownership of a vehicle does not pass unless title to the vehicle is issued in the owner's name." *Schroeder v. Herbert C. Coe Trust*, 437 N.W.2d 178, 184 (S.D.

1989).

Regardless of when the transfer took place, however, Gjere may not claim a different set of facts before this Court than he did before the state agency handling vehicle registrations. *Canyon Lake Park, L.L.C. v. Loftus Dental, P.C.,* 700 N.W.2d 729, 737-38 (S.D. 2005) (elements of judicial estoppel). Gjere told the state the transfer was a gift from son to father. He cannot now claim he received the Jeep as a contemporaneous exchange for new value – *i.e.*, the debts he paid for his step-son. For the same reason, he cannot now claim the transfer was made in the ordinary course of Debtor's business or financial affairs. Thus, Gjere may not rely on the exceptions provided by § 547(c)(1) and § 547(c)(2) to nullify Trustee Pierce's power to avoid a preferential transfer under § 547(b), and he is not entitled to judgment as a matter of law based on those exceptions.

A finding that the transfer was a gift, however, cuts both ways. If it was a gift, the transfer of the Jeep cannot have been on account of an antecedent debt. In that event, § 547(b) would not apply. Consequently, absent timely amendment of the complaint to seek to avoid the transfer under another section of Title 11, it seems unlikely Trustee Pierce will ultimately prevail in this adversary proceeding.

An order denying Gjere's Motion for Summary Judgment will be entered. If Trustee Pierce does not file a motion to amend her complaint within 30 days, a separate order scheduling a final pre-trial conference will be entered.

Dated: February 24, 2010.

BY THE COURT:

Charles L. Nail, Jr.
Bankruptcy Judge

On the above date, a copy of this document was mailed or faxed to the parties shown on the Notice of Electronic Filing as not having received electronic notice.

Frederick M. Entwistle
Clerk, U.S. Bankruptcy Court
District of South Dakota

NOTICE OF ENTRY
Under Fed.R.Bankr.P. 9022(a)

This order/judgment was entered on the date shown above.

Frederick M. Entwistle
Clerk, U.S. Bankruptcy Court
District of South Dakota